**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-3627

IN RE: VERITAS SOFTWARE CORP. SECURITIES LITIGATION

Peter A. Spitalieri, Trustee u/t/d 06/10/88;
771 Freedom Street LP, Appellants

(Pursuant to Fed.R.App.P. 12(a))

On Appeal From the United States District Court
for the District of Delaware
(D.C. Civil No. 1-04-cv-00831)
District Judge:  Honorable Sue L. Robinson

Submitted Under Third Circuit LAR 34.1(a)
September 30, 2009

Before: MCKEE, Chief Judge, CHAGARES, and NYGAARD, Circuit Judges.

(Filed: October 4, 2010)

OPINION OF THE COURT

CHAGARES, Circuit Judge.

The appellants Peter A. Spitalieri and 771 Freedom Street LP purport to be

members of a class which settled a securities fraud class action lawsuit with the defendant

Veritas Software Corp.  The appellants are seeking reversal of the District Court's

approval of an award of 30% of the settlement fund as attorneys' fees to the attorneys representing the class. We will affirm.

## I.

Because we write solely for the benefit of the parties, we will only briefly summarize the essential facts.

On July 7, 2004, the plaintiffs commenced a class action securities lawsuit against Veritas arising out of a press release that allegedly contained misleading information regarding the company's revenue and earnings for the second quarter of that year. On March 3, 2005, the District Court appointed the lead plaintiffs, Tay Siew Choon and Mark Leonov, for the class and approved their selection of class counsel.

In August 2006, the case was referred to mediation. After almost two more years of mediation and negotiation, on April 8, 2008, class counsel reached a settlement agreement in the amount of $21.5 million with Veritas. The settlement was given preliminary approval by the District Court on April 16. As part of the preliminary approval, the District Court directed that Notice be sent to all ascertainable class members by April 30. The Notice stated, <u>inter</u> <u>alia</u>, that class counsel "intend to apply to the Court for an award of attorneys' fees of no more than thirty percent (30%) of the Settlement Fund, plus reimbursement of costs and expenses of up to $650,000, including an award of up to $15,000 to each lead plaintiff pursuant to the Lead Plaintiff Expense Application."

2

Joint Appendix ("JA") 5. More than 220,000 Notices were sent out to known class members, and the Notice was published in <u>Investor's</u> <u>Business</u> <u>Daily</u> and Bloomberg News Wire Services. The Notice explicitly stated that any objection to the settlement or fee application had to be made to the District Court by June 30, 2008. As of June 30, no class member filed any objection.

Pursuant to the instructions of the District Court, on July 24, 2008, class counsel formally filed a fee application seeking 30% of the settlement fund. In support of the application, class counsel filed a brief and declaration setting forth a detailed, itemized breakdown of the work performed, including 8200 hours of legal work and $600,000 of advanced costs. Class counsel's lodestar multiplier for this work was $4,223,458.00, for a multiplier of 1.52.

On July 29, 2008, more than four weeks after the deadline for filing any objection to the fee application, the appellants filed their Objection. This Objection did not address the substance of the fee application, but instead accused the two lead plaintiffs of being unsophisticated and easily manipulated by class counsel, and made a series of claims about what the appellants would have done differently had they been the lead plaintiffs. Two days later, on July 31, the District Court held the previously-scheduled final fairness hearing. At the hearing, class counsel made a presentation in support of the settlement agreement and fee application. Counsel for the appellants also appeared and argued as to the merits of their Objection. At the conclusion of the hearing, the District Court

3

approved the settlement agreement and fee application, noting that "I certainly find that the record more than adequately demonstrates that there was appropriate notice to the class and that the proposed settlement is fair, reasonable and adequate . . . ." JA 79.

With regard to the appellants' objection, the District Court denied it as untimely, noting that the objection was filed well after the deadline for filing such an objection, and that the objection failed to address the substance or detail of the fee application itself. JA 80-81. The District Court entered a final judgment approving the settlement and fee on August 6, 2008. The appellants filed a timely Notice of Appeal on August 22, 2008.

## II.

This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291 to review a district court's order awarding attorney's fees to class counsel.[1] A district court's award

---

[1] The appellees claim that the District Court lacked jurisdiction to decide this issue, and that we lack jurisdiction on appeal, because the appellants have not shown that they are in fact members of this class. They challenged the appellants' standing before the District Court in a hearing. In response, the appellants submitted some sort of documentation (which the District Court did not enter into the record) to the District Court, which then, without explicitly issuing a holding as to standing, proceeded to the issue of the timeliness and substance of the challenge.

This Court has previously observed that in certain circumstances, the District Court may review the reasonableness of an award of attorneys' fees in a class action lawsuit, even in the absence of a challenge. In re Cendant Corp. PRIDES Litig., 243 F.3d 722, 730-31 (3d Cir. 2001). This is because of the unique fiduciary nature of the federal courts system over the award of attorneys' fees in class action cases. The Court of Appeals for the Ninth Circuit has characterized challenges to attorneys' fees in class action matters as "but an ancillary matter over which the district court retains equitable jurisdiction." Zucker v. Occidental Petroleum Corp., 192 F.3d 1323, 1329 (9th Cir. 1999).

of attorney's fees is reviewed for abuse of discretion.  In re Cendant Corp. PRIDES Litig., 243 F.3d 722, 727 (3d Cir. 2001).  "We refrain from substituting our judgment for that of the District Court insofar as its holding is reasonable and supported by the evidence."  In re Orthopedic Bone Screw Prods. Liability Litig., 246 F.3d 315, 320 (3d Cir. 2001).  We do "not disturb an exercise of discretion 'unless there is a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.'"  Id. (quoting Hanover Potato Prods., Inc. v. Shalala, 989 F.2d 123, 127 (3d Cir. 1993) (quotation marks omitted)).

### III.

The appellants first claim that the District Court abused its discretion in determining that reasonable notice had been given to all class members.  The Notice contained specific information about the total amount of the class settlement ($21.5 million), the maximum percentage of the total amount class counsel would seek as attorneys' fees (30%), and the fees sought for costs and expenses as well as special compensation to the lead plaintiffs.  The Notice also specifically provided that any

Here, the issue of standing was raised before the District Court, and the District Court proceeded to the substantive issue.  Whether the District Court believed it had standing because it accepted the submitted documents as proof of class membership, or whether the District Court was exercising its equitable jurisdiction over the award of attorneys' fees to class counsel is immaterial for our purposes.  The District Court had jurisdiction to determine the reasonableness of attorneys' fees, and we have jurisdiction over the District Court's decision pursuant to 28 U.S.C. § 1291.

objection to the amount of attorneys' fees had to be filed in District Court prior to June 30, 2008. The appellants do not dispute that they received this Notice.

"In class actions, courts have equitable powers to manage the litigation in order to promote judicial economy and fairness to litigants." De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 313 (3d Cir. 2003). These powers include the power to set reasonable deadlines for pleadings or other documents that must be filed with the court. See generally In re Orthopedic Bone Screw Prods. Liability Litig., 246 F.3d at 321.

In this case, the District Court directed that 220,000 Notices be sent out to all known class members, as well as that notice be given by publication in two prominent business publications. The District Court ordered that all Notices be sent by April 30, and that anyone objecting would have until June 30 to object to the amount of the attorneys' fees. The appellants did not file their objection to the award of attorneys' fees until July 29, over four weeks after the deadline set by the District Court.

The District Court held that the appellants' challenge to the award of attorneys' fees was untimely. The appellants had at least 60 days to file their challenge within the period set forth by the District Court, but they failed to do so, instead waiting until a few days before the final settlement fairness hearing was held. The Notice, as directed by the District Court, provided all material information to all known members of the class, including the information regarding the amount of the attorneys' fees. The District Court's order of notice and the time limit contained therein struck an adequate balance

6

between giving all class members information and notice of the settlement and attorneys' fees award, and serving the efficiency of the judicial system by ensuring the litigation continued to move forward in an expeditious manner. After reviewing the manner in which notice was given, and the manner in which the appellees waited until the eve of the settlement fairness hearing to object to the fee, we are not left with a definite and firm conviction that the District Court committed a clear error of judgment and we hold that the District Court did not abuse its discretion in holding that the appellants' challenge to the award of attorneys' fees was untimely.

We turn to the appellants' contention that the District Court abused its discretion in the approval of class counsel's fee request. While the 30% fee is admittedly large, the District Court took into account that class counsel spent four years, and thousands of hours of attorneys' labor, litigating this case. The final lodestar multiplier of 1.52 was well within the range of attorneys' fees awarded and approved by this Court. See, e.g., In re Cendant Corp., 243 F.3d at 742 (holding that a lodestar multiplier of three would be reasonable and appropriate); In re Prudential Co. Am. Sales Practice Litig. Agent Actions, 148 F.3d 283, 341 (3d Cir. 1988) ("Multiples ranging from one to four are frequently awarded in common fund cases when the lodestar method is applied." (citation and quotation marks omitted)). After a thorough review of the record, we are satisfied that the District Court carefully considered the relevant factors and determined that class

counsel's fee request was reasonable.[2]  We hold that the District Court did not abuse its discretion in approving this fee request.

IV.

For these reasons, we will affirm the order of the District Court.

---

[2] We also note that, while certainly not dispositive, not a single other member out of the hundreds of thousands of known class members in this litigation objected to the award of attorneys' fees.